07-61058.o4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61058-CIV-COOKE/BROWN

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

vs.

NATIONS INVESTMENTS, LLC,

      Defendant,

and

SULAIMAN "SAL" HUSAIN and
SAMMY JOE GOLDMAN,

      Relief Defendants.

_____/

## <u>ORDER RE: MOTION TO COMPEL DISCOVERY</u>

**THIS MATTER** is before the Court on Plaintiff...'s Motion to Compel Discovery From

Relief Defendants...(DE 79). The Court has considered the motion, the response, the reply, and all

pertinent materials in the file.

Initially, the Court notes that when this motion was filed the parties addressed therein

(Goldman and Husain) were relief defendants. However, prior to the response to the motion being

filed, Husain was added as a defendant. There is a difference between a "defendant" and a "relief

defendant". For starters, one is accused of wrongdoing, and the other is not. See e.g. <u>Commodity</u>

<u>Futures Trading Commission v. Kimberlynn Creek Ranch, Inc.</u>, 276 F. 3d 187 (4th Cir. 2002);

<u>S.E.C. v. Cavanagh</u>, 155 F. 3d 129,136 (2nd Cir. 1998); <u>Federal Trade Commission v. Transnet</u>

1

Wireless Corporation, 506 F. Supp. 2d 1247, 1273 (S.D. Fla. 2007). The "relief" or "nominal" defendant is more in the nature of a stakeholder. Therefore the discovery requested must be viewed somewhat differently as it regard the defendant and the relief defendant.

Secondly, this motion is in violation of local Rule 26.1.H.2, and could be denied on that basis. The response - which is not obligated to follow the rule - does a much better job of complying with same. Future failures in that regard will result in denial of discovery motions.

Turning to the merits of the motion, the Court finds some comments of plaintiff quite curious. Plaintiff admits receiving a letter from counsel for the (at that time) relief defendant wherein it states that "Relief Defendants are willing to withdraw them [the general objections] in an effort to resolve the issues raised by CFTC", prior to the filing of the motion. Apparently that was not clear to plaintiff as much of the motion is devoted to those very general objections. When, in the response, relief defendant refer again to that same letter and the same language therein, plaintiff replies with "Husain and Goldman's response finally confirms in writing that they have withdrawn all general objections in the discovery responses" (page one of the reply). What was the letter??

Then plaintiff states "Husain and Goldman have admitted they are subject to the rules of discovery inasmuch as they themselves have attempted to propound discovery pursuant to the Federal Rules of Civil Procedure". What legal authority does this create? One of these defendants remains a relief defendant. Plaintiff attempts to equate a relief defendant with "a party". However, at least one case holds that a nominal [relief] defendant is not a real party in interest. See S.E.C. v. Colello, 139 F. 3d 674, 676 (9th Cir. 1998). It is said that he is merely a trustee or depositary over whom it is unnecessary to obtain subject matter jurisdiction. See S.E.C. v. Cherif, 933 F. 2d 403, 414 (7th Cir. 1991). That being said , however, the relief defendant, by being named in this case, "has [a] full opportunity to litigate [her] rights". See S.E.C. v. Cavanagh, at 136-7.

2

With these principles in mind, the Court now turns to the specific discovery. And rules as follows:

1. With regard to interrogatories 1, 3, and 8 and document requests 5 and 6 - with the proviso that Husain and Goldman are limited, in terms of evidence, to the facts, witnesses and documents mentioned and/or described in the Opposition to the Motion for Preliminary Injunction and its attachments, the motion to compel is **DENIED**.

2. With regard to interrogatories 2 and 9, the motion to compel is **GRANTED**. These involve the matters directly at issue.

3. With regard to interrogatory 6, the motion to compel is **GRANTED** as to Husain, and **DENIED** as to Goldman.

4. With regard to document requests 1 and 30, the motion to compel is **DENIED** as to request 1. It is overly broad and so much so that it does constitute harassment. It would be little difference if the request was for any document in the world that has Husain's/Goldman's name on it. As to request 30, the motion to compel is **GRANTED** as to Husain and **DENIED**, as to Goldman.

5. With regard to document requests 7 and 10, plaintiff makes another curious statement that "Husain and Goldman's Response has apparently abandoned the objection of "privacy interests" as to their tax records..." (page 5 of the reply). On page 14 of the response relief defendants stated "[F]urthermore these requests are over broad <u>and violate Relief Defendants' privacy interests</u>..." (emphasis added). In addition, the argument of plaintiff that these documents are relevant to "their ability to pay damages and restitution in this case" (page 6 of the reply) is rejected. Unless and until damages or restitution is awarded - this is not valid support for the discovery sought. Nonetheless, the motion to compel is **GRANTED** as to Husain and **DENIED** as to Goldman.

6.   With regard to Requests 8, 9,14, and 29, the motion to compel is **GRANTED** as to Husain, and **DENIED** as to Goldman, with one exception.  He shall produce "all documents concerning, reflecting, or relating to loans or promissory notes made to, or by you from January 1, 2005 to the present" with regard only to transactions involving Nations Investments LLC.

7.   With regard to document request 31, the motion to compel is **GRANTED**.

8.   Defendant Husain and relief defendant Goldman shall have fifteen (15) days to serve their compliance with this order.

**DONE AND ORDERED** this ⁵ᵗʰ day of March, 2008 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc:  Honorable Marcia G. Cooke
    counsel and parties of record

4