07-61058.o5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61058-CIV-COOKE/BROWN

COMMODITY FUTURES TRADING
COMMISSION,

    Plaintiff,

vs.

NATIONS INVESTMENTS, LLC,

    Defendant,

and

SULAIMAN "SAL" HUSAIN and
SAMMY JOE GOLDMAN,

    Relief Defendants.
_____/

## ORDER DENYING MOTION TO STRIKE ... DISCOVERY

**THIS MATTER** is before the Court on Plaintiff's Motion to Strike Relief Defendants' Late Served Written Discovery (DE 95). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The Court finds this motion an example of a gross disregard of an attorney's obligation to act as an officer of the Court. The motion seeks to strike discovery received by plaintiff on January 18, 2008. The alleged grounds for the motion were obvious as of the date of receipt of the discovery, yet plaintiff waited over one month to file this motion - in an apparent attempt to foreclose discovery by the relief defendants, and in the face of plaintiff amending the complaint to make a relief defendant a full defendant along with adding other defendants.

1

Interestingly, in plaintiff's motion for leave to amend filed December 19, 2007, it was plaintiff who suggested that "discovery was in its infancy" (D.E. 73, p. 4). Most importantly, this motion was filed more than ten days after the entry of the Order Requiring Counsel to Meet and File Joint Scheduling Report (D.E. 86). Astoundingly, even after this document is mentioned in the response, plaintiff totally ignores same in the reply.

What, exactly, did plaintiff think was meant by that document - which required, in essence, a total re-visitation of deadlines, including the discovery deadline, because of, among other things, the addition of new defendants? Did plaintiff really believe it could add new defendants without affecting the discovery deadline even though the order permitting same was entered a mere seven (7) days before the discovery deadline? For the reasons that follow, plaintiff will have the opportunity to address these questions.

Since the only objection raised to the discovery propounded by the relief defendants was one of timeliness, all other objections are deemed waived. Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to strike is **DENIED**.

2. Plaintiff shall have fifteen (15) days from the date of this order to answer the interrogatories and to properly respond to (not object to) the Requests for Admissions.

3. Plaintiff shall have twenty (20) days from the date of this order to produce the documents requested.

4. Plaintiff shall have fifteen (15) days from the date of this order to show good cause, in writing, why sanctions should not be imposed for the necessity of the filing of the response to this

2

motion per FRCP 37(a)(4)(B). This will give plaintiff the opportunity to answer the questions posed, supra.

**DONE AND ORDERED** this 20th day of March, 2008 at Miami, Florida.

_____
STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: Honorable Marcia G. Cooke
    counsel and parties of record